UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,
                        Plaintiff,

     v.                                                                Case No. 20-CR-207

RONNIE R. MITCHELL, et. al.
                        Defendants.

## PROTECTIVE ORDER REGULATING
## THE DISSEMINATION OF DISCOVERY MATERIALS

Upon the motion of the United States of America, by its attorneys, Matthew D. Krueger, United States Attorney, and Mario F. Gonzales, Assistant United States Attorney for said district, and upon the Statement of Assistant United States Attorney Mario F. Gonzales, submitted ex parte and under seal pursuant to Rule 16(d)(1), Federal Rules of Criminal Procedure,

**IT IS ORDERED THAT:**

(1) One copy of the discovery materials, such as investigative reports, witness interviews, etc., shall be disseminated to the defense attorney. Said materials may mask the identification of certain cooperating witnesses, as well as the addresses, telephone numbers, and other identifying information relative to those persons. As additional materials become available, and/or it becomes appropriate for the identity of certain persons to be disclosed, the defense attorney will be notified by the United States Attorney's Office, and one copy of the additional materials will be made available to the defense attorney.

(2) The defense attorney may make copies of the discovery materials as necessary to prepare the defense of the case. All discovery materials, including necessary copies, shall remain under the control of the defense attorney. Discovery materials, while in the custody and

control of the defense attorney, may be reviewed by the defendant represented by a defense attorney, licensed investigators employed by the defense attorney, and any other individuals deemed necessary by the defense attorney. Copies of the witnesses' statements or statements produced in discovery may be relinquished to licensed investigators employed by the defense attorney for limited periods of time as necessary to facilitate an investigation interview with that witness. Copies of the discovery materials filed with the court must be filed under seal to retain the confidential nature of the materials unless consent to filing in the public record is obtained from an attorney for the government. Upon conclusion of all stages of this case, all of the protected materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (1) destroyed, in which case defense counsel shall notify the government's counsel that the materials have been destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file, in which case the restrictions of this Order will continue to be in effect for as long as the materials are so maintained and the material may not be disseminated or used in connection with any other matter without further order of the Court. Unless otherwise ordered above, the discovery materials shall not be relinquished or disseminated, physically or electronically, to any third party, including clients, investigators, or any other individual.

(3) The government shall make arrangements with any and all institutions where the defendant may be held in federal custody so that a set of discovery materials can be maintained at each institution for inspection by the defendant. The defendant is prohibited from copying the materials or maintaining personal copies of any such materials and shall be prohibited from transporting any of these materials to his cellblock.

2

Case 2:20-cr-00207-BHL     Filed 12/18/20     Page 2 of 3     Document 61

**SO ORDERED** this 18th day of December, 2020, at Milwaukee Wisconsin.

_____
HONORABLE STEPHEN DRIES
United States Magistrate Judge

3